IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WOODBERRY, as Next Friend and Guardian of the Person of JANE DOE, an Incapacitated Person, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-3980 |
| DALLAS AREA RAPID TRANSIT BUS SERVICE, LGC, MV TRANSPORTATION, INC., and CEDRICK AGENT, | § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff Woodberry, as Next Friend and Guardian of the Person of Jane Doe, an Incapacitated Person, complains of Dallas Area Rapid Transit Bus Service, LGC ("DART"), MV Transportation, Inc. ("MV Transportation"), and Cedrick Agent, Defendants, and would respectfully show the Court as follows:

I.

## PARTIES

1. Plaintiff Woodberry and Plaintiff Jane Doe are residents of Dallas County, Texas and are citizens of the State of Texas. Woodberry is the biological mother and guardian of the person of Jane Doe, who has Down's syndrome and is

mentally, physically, and emotionally vulnerable. Both individuals have been or will be identified to Defendants.

2. Defendant Dallas Area Rapid Transit Bus Service, LGC ("DART"), is a domestic local government corporation and a Texas governmental unit with its office in Dallas, Texas. This Defendant provides public transportation services and may be served with process by serving its registered agent, Gary Thomas, President, 1401 Pacific, Suite 1700, Dallas, Dallas County, Texas 75202.

3. MV Transportation, Inc. is a foreign for-profit company incorporated in California with its corporate headquarters in Dallas, Texas. This Defendant is a transportation contracting firm that provides paratransit services and may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Suite 2900, Dallas, TX 75201.

4. Cedrick Agent is the bus driver who sexually assaulted and raped Jane Doe.

II.

**VENUE & JURISDICTION**

1. Under 28 U.S.C. § 1331, this Court has original jurisdiction because this lawsuit, which is based on Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794), presents a federal question and arises under the laws of the United States.

2. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Under 28 U.S.C. § 1391, venue is proper in this Court because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

III.

## NOTICE

1. Pursuant to the Texas Tort Claims Act and Texas Civil Practice & Remedies Code § 101.101, Plaintiffs have given Defendants proper notice of this claim.

IV.

## FACTS

1. On or about September 20, 2013 in the late afternoon and on one prior occasion during the same week, 37-year old Plaintiff Jane Doe, who has Down's syndrome and has mental, emotional, and physical vulnerabilities, was a passenger on a DART paratransit bus traveling from Cavalier Street in Garland, Texas to her home in Dallas, Texas. This route had been a part of Jane Doe's routine for the last 10 years.

2. On each of the two occasions in question, all other passengers had been let off the bus and Jane Doe was the only remaining passenger. Thereafter, the bus driver, Defendant Cedrick Agent, stopped the bus, walked back to where Jane Doe was seated on the bus, and demanded that Jane Doe unfasten her seat belt and bend over. Jane Doe complied. Defendant Cedrick Agent then ripped Jane Doe's underwear and raped her from behind.

3. At all times in question, the sexual assault against Jane Doe occurred on a paratransit bus and under the supervision and control of Defendants DART and MV Transportation.

4. At all times in question, the bus driver, Defendant Cedrick Agent, was in the course and scope of his employment.

5. At all times in question, Defendant MV Transportation and Defendant Cedrick Agent were agents of Defendant DART.

6. In January 2014, Plaintiff's counsel first requested the identity of the bus driver from Defendant DART, but DART has refused to reveal his identity. In May 2014, Plaintiff's counsel first requested the identity of the bus driver from MV Transportation. On November 7, 2014, MV Transportation revealed the bus driver's identity as Cedrick Agent. Plaintiff's counsel has also requested the return of Plaintiff Jane Doe's two pairs of ripped underwear from Defendant DART. DART has refused to return Plaintiff's property.

V.

**CAUSE OF ACTION UNDER 42 U.S.C. § 12132 (TITLE II OF THE AMERICANS WITH DISABILITIES ACT) AGAINST DEFENDANT DART**

1. Plaintiff Jane Doe has Down's syndrome and is a qualified individual with a disability pursuant to 42 U.S.C. § 12131(2).

2. Plaintiff Jane Doe, by reason of her disability, was denied the benefits of a safe paratransit bus ride or was subjected to discrimination by Defendant DART when the bus driver singled her out and sexually assaulted her before letting her off the bus at her drop-off location.

3. At all times material herein, Defendant DART's acts and omissions under the circumstances show gross misjudgment or bad faith in discriminating against Plaintiff Jane Doe solely by reason of her disability.

4. Defendant DART failed to comprehensively evaluate Plaintiff Jane Doe's specific needs and to provide tailored appropriate services such as, but not limited to:

   a. Another employee to ride the paratransit bus to monitor bus activities,
   b. A live-feed camera to a monitoring dispatcher and recording of the activities inside the paratransit bus,
   c. A camera to record the activities inside the paratransit bus to deter harmful conduct,
   d. Proper monitoring and communication with the subject bus driver to minimize unsupervised time with a vulnerable passenger, and/or
   e. Proper supervision of the subject bus driver.

5. Defendant DART's discrimination was a proximate or producing cause of Plaintiff's injuries and damages.

VI.

## CAUSE OF ACTION UNDER 29 U.S.C. § 794 (SECTION 504 OF REHABILITATION ACT) AGAINST DEFENDANT DART

1. Plaintiff Jane Doe has Down's syndrome and is a qualified individual with a disability under 29 U.S.C. § 705(20).

2. Plaintiff Jane Doe was otherwise qualified to ride the DART paratransit bus.

3. Defendant DART received federal financial assistance for transporting Jane Doe.

4. As a member of a vulnerable population, Plaintiff Jane Doe, solely by reason of her disability, was denied the benefits of a safe paratransit bus ride and/or subject to discrimination on the subject bus when the bus driver singled her out and sexually assaulted her before letting her off the bus at her drop-off location.

5. At all times material herein, DART knew or was reasonably expected to know of Jane Doe's disability. DART has a paratransit eligibility process that requires a physician's verification of disability, which was successfully completely for Jane Doe to have been able to use DART's Paratransit Services.

6. At all times material herein, Defendant's acts and omissions under the circumstances show gross misjudgment or bad faith in discriminating against Plaintiff Jane Doe solely by reason of her disability.

7. Defendant DART's discrimination was a proximate or producing cause of Plaintiff's injuries and damages.

VII.

**NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT DART**

1. At all times material herein, Defendant Cedrick Agent was employed by Defendant DART and/or was under Defendant DART's direct supervision and control when he sexually abused Plaintiff Jane Doe. Defendant Cedrick Agent engaged in the wrongful conduct while in the course and scope of his employment or borrowed servitude with Defendant DART. Therefore, Defendant DART is liable for Defendant Cedrick Agent's wrongful conduct under theories of *respondeat superior*, agency, apparent agency, and agency by estoppel.

2. Defendant DART negligently selected, hired, retained, and/or continued the employment or borrowed servitude of Defendant Cedrick Agent when it knew or should have known of his dangerous sexual propensities toward a vulnerable population of society.

3. Defendant DART was entrusted with the transportation of a multitude of vulnerable people with mental, emotional, and/or physical handicaps. Defendant DART failed to warn Plaintiff of Defendant Cedrick Agent's dangerous

sexual propensities toward the vulnerable population in society when it knew or should have known of his dangerous sexual propensities toward a vulnerable population of society.

4. Defendant DART was entrusted with the transportation of a multitude of vulnerable people with mental, emotional, and/or physical handicaps. Defendant DART failed to provide reasonable supervision and training of Defendant Cedrick Agent when it knew or should have known of his dangerous sexual propensities toward a vulnerable population of society.

5. Defendant DART failed to implement safety policies and procedures to prevent and abate conditions on the paratransit bus that constitute unreasonable risk of harm to Plaintiff Jane Doe such as, but not limited to:

   a. Another employee to ride the paratransit bus to monitor bus activities,
   b. A live-feed camera to a monitoring dispatch and recording of the activities inside the paratransit bus,
   c. A camera to record the activities inside the paratransit bus to deter harmful conduct,
   d. Proper monitoring and communication with the subject bus driver to minimize unsupervised time with a vulnerable passenger,
   e. Proper supervision of the subject bus driver, and/or
   f. Assuring adequate training and supervision of its paratransit drivers.

6. Defendant DART, at the time and on the occasions in question, acted with heedless and reckless disregard of the safety of Jane Doe, which disregard

was the result of conscious indifference to the rights, welfare, and safety of Jane Doe.

7. Defendant DART should be held liable under the legal doctrine of negligent assumption of the risk of intentional or criminal conduct, as described in Restatement (Second) of Torts, Section 302B:

> An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.

8. Defendant DART knew or should have known that Defendant Cedrick Agent posed an unreasonable risk of harm to vulnerable people with mental, emotional, and/or physical handicaps, including Plaintiff Jane Doe.

9. Defendant DART should also be held liable, as described in Restatement (Second) of Torts, Section 311, under the legal doctrine of negligent misrepresentation involving risk of physical harm:

> (1) One who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information, where such harm results
> (a) to the other, or
> (b) to such third persons as the actor should expect to be put in peril by the action taken.
>
> (2) Such negligence may consist of failure to exercise reasonable care
> (a) in ascertaining the accuracy of the information, or
> (b) in the manner in which it is communicated.

10. Defendant DART should also be held liable, as described in Restatement (Second) of Torts, Section 317, under the legal doctrine that imposes a duty upon employers to exercise reasonable care in controlling employees to prevent them from intentionally harming others when

    (a)    the servant
- (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
- (ii) is using a chattel of the master, and

    (b)    the master
- (i) knows or has reason to know that he has the ability to control his servant, and
- (ii) knows or should know of the necessity and opportunity for exercising such control. Restatement (Second) of Torts, Section 317 at 125 (1965).

11. Defendant DART's failure to ascertain and apprise Plaintiff of Defendant Cedrick Agent's sexually predatory nature, and its express or implied representation that its workers, including Cedrick Agent, on its buses and in that environment, were safe and not sexually dangerous to vulnerable people with mental, emotional, and/or physical handicaps, placed Plaintiff Jane Doe in danger and peril.

12. Defendant DART's conduct, as described above, taken singularly or in combination, was a proximate or producing cause of Plaintiff's damages, which include emotional distress.

## VIII.

## CAUSE OF ACTION UNDER 42 U.S.C. § 12132 (TITLE II OF THE AMERICANS WITH DISABILITIES ACT) AGAINST DEFENDANT MV TRANSPORTATION

1. Plaintiff Jane Doe has Down's syndrome and is a qualified individual with a disability pursuant to 42 U.S.C. § 12131(2).

2. Plaintiff Jane Doe, by reason of her disability, was denied the benefits of a safe paratransit bus ride or was subjected to discrimination by Defendant MV Transportation when the bus driver singled her out and sexually assaulted her before letting her off the bus at her drop-off location.

3. At all times material herein, Defendant MV Transportation's acts and omissions under the circumstances show gross misjudgment or bad faith in discriminating against Plaintiff Jane Doe solely by reason of her disability.

4. Defendant MV Transportation failed to comprehensively evaluate Plaintiff Jane Doe's specific needs and to provide tailored appropriate services such as, but not limited to:

    a. Another employee to ride the paratransit bus to monitor bus activities,
    b. A live-feed camera to a monitoring dispatcher and recording of the activities inside the paratransit bus,
    c. A camera to record the activities inside the paratransit bus to deter harmful conduct,
    d. Proper monitoring and communication with the subject bus driver to minimize unsupervised time with a vulnerable passenger, and/or
    e. Proper supervision of the subject bus driver.

5. Defendant MV Transportation's discrimination was a proximate or producing cause of Plaintiff's injuries and damages.

IX.

## CAUSE OF ACTION UNDER 29 U.S.C. § 794 (SECTION 504 OF REHABILITATION ACT) AGAINST DEFENDANT MV TRANSPORTATION

1. Plaintiff Jane Doe has Down's syndrome and is a qualified individual with a disability under 29 U.S.C. § 705(20).

2. Plaintiff Jane Doe was otherwise qualified to ride the paratransit bus.

3. Defendant MV Transportation received federal financial assistance for transporting Jane Doe.

4. As a member of a vulnerable population, Plaintiff Jane Doe, solely by reason of her disability, was denied the benefits of a safe paratransit bus ride and/or subject to discrimination on the subject bus when the bus driver singled her out and sexually assaulted her before letting her off the bus at her drop-off location.

5. At all times material herein, Defendant MV Transportation knew or was reasonably expected to know of Jane Doe's disability. There was a paratransit eligibility process that requires a physician's verification of disability, which was successfully completely for Jane Doe to have been able to use the Paratransit Services at issue.

6. At all times material herein, Defendant MV Transportation's acts and omissions under the circumstances show gross misjudgment or bad faith in discriminating against Plaintiff Jane Doe solely by reason of her disability.

7. Defendant MV Transportation's discrimination was a proximate or producing cause of Plaintiff's injuries and damages.

## X.

## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT MV TRANSPORTATION

1. At all times material herein, Defendant Cedrick Agent was employed by Defendant MV Transportation and/or was under Defendant MV Transportation's direct supervision and control when he sexually abused Plaintiff Jane Doe. Defendant Cedrick Agent engaged in the wrongful conduct while in the course and scope of his employment with Defendant MV Transportation. Therefore, Defendant MV Transportation is liable for Defendant Cedrick Agent's wrongful conduct under theories of *respondeat superior*, agency, apparent agency, and agency by estoppel.

2. Defendant MV Transportation negligently selected, hired, retained, and/or continued the employment of Defendant Cedrick Agent when it knew or should have known of his dangerous sexual propensities toward a vulnerable population of society.

3. Defendant MV Transportation was entrusted with the transportation of a multitude of vulnerable people with mental, emotional, and/or physical handicaps. Defendant MV Transportation failed to warn Plaintiff of Defendant Cedrick Agent's dangerous sexual propensities toward the vulnerable population in society when it knew or should have known of his dangerous sexual propensities toward a vulnerable population of society.

4. Defendant MV Transportation was entrusted with the transportation of a multitude of vulnerable people with mental, emotional, and/or physical handicaps. Defendant MV Transportation failed to provide reasonable supervision and training of Defendant Cedrick Agent when it knew or should have known of his dangerous sexual propensities toward a vulnerable population of society.

5. Defendant MV Transportation failed to implement safety policies and procedures to prevent and abate conditions on the paratransit bus that constitute unreasonable risk of harm to Plaintiff Jane Doe:

    a. Another employee to ride the paratransit bus to monitor bus activities,
    b. A live-feed camera to a monitoring dispatch and recording of the activities inside the paratransit bus,
    c. A camera to record the activities inside the paratransit bus to deter harmful conduct,
    d. Proper monitoring and communication with the subject bus driver to minimize unsupervised time with a vulnerable passenger, and/or
    e. Assuring adequate training and supervision of its paratransit drivers.

6. Defendant MV Transportation, at the time and on the occasions in question, acted with heedless and reckless disregard of the safety of Jane Doe, which disregard was the result of conscious indifference to the rights, welfare, and safety of Jane Doe.

7. Defendant MV Transportation should be held liable under the legal doctrine of negligent assumption of the risk of intentional or criminal conduct, as described in Restatement (Second) of Torts, Section 302B:

> An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.

8. Defendant MV Transportation knew or should have known that Defendant Cedrick Agent posed an unreasonable risk of harm to vulnerable people with mental, emotional, and/or physical handicaps, including Plaintiff Jane Doe.

9. Defendant MV Transportation should also be held liable, as described in Restatement (Second) of Torts, Section 311, under the legal doctrine of negligent misrepresentation involving risk of physical harm:

> (1) One who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information, where such harm results
> (a) to the other, or
> (b) to such third persons as the actor should expect to be put in peril by the action taken.

  (2) Such negligence may consist of failure to exercise reasonable care
    (a) in ascertaining the accuracy of the information, or
    (b) in the manner in which it is communicated.

10. Defendant MV Transportation should also be held liable, as describe in Restatement (Second) of Torts, Section 317, under the legal doctrine that imposes a duty upon employers to exercise reasonable care in controlling employees to prevent them from intentionally harming others when

  (a) the servant
    (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
    (ii) is using a chattel of the master, and

  (b) the master
    (i) knows or has reason to know that he has the ability to control his servant, and
    (ii) knows or should know of the necessity and opportunity for exercising such control. Restatement (Second) of Torts, Section 317 at 125 (1965).

11. Defendant MV Transportation's failure to ascertain and apprise Plaintiff of Defendant Cedrick Agent's sexually predatory nature, and its express or implied representation that its workers, including Cedrick Agent, on its buses and in that environment, was safe and not sexually dangerous to vulnerable people with mental, emotional, and/or physical handicaps, placed Plaintiff Jane Doe in danger and peril.

12. Defendant MV Transportation's conduct, as described above, taken singularly or in combination, was a proximate or producing cause of Plaintiff's damages, which include emotional distress.

XI.

## CAUSE OF ACTION AGAINST DEFENDANT CEDRICK AGENT

1. Defendant raped Jane Doe. He committed assault and battery of Plaintiff Jane Doe each time he assaulted her sexually and/or directed her to have sexual contact with him.

2. Defendant's sexual advances toward Plaintiff Jane Doe resulted in intentional infliction of severe emotional distress.

3. Defendant violated Sections 22.01 and 22.011 under the Texas Penal Code when he engaged in the above-described sexual acts with Plaintiff Jane Doe. Such violations of these criminal statutes constitute negligence *per se*.

4. Defendant knew of his own dangerous propensities toward vulnerable people with mental, emotional, and/or physical handicaps. At the time and on the occasion in question, Defendant acted with heedless and reckless disregard for the safety of Jane Doe, which disregard was the result of conscious indifference to the rights, welfare, and safety of Jane Doe, in violations of the laws of the State of Texas.

5. Defendant's conduct, as described above, taken singularly or in combination, was a proximate or producing cause of Plaintiff's damages, which include emotional distress.

## XII.

## **DAMAGES FOR JANE DOE, AN INCAPACITATED PERSON**

1. As a direct and proximate result of Defendants' conduct, suffered the following injuries and damages:

2. Plaintiff has experienced severe psychological pain and suffering in the past and in reasonable probability will sustain severe psychological pain and suffering in the future as a result of her psychological injuries.

3. Plaintiff has incurred counseling expenses in the past and in reasonable probability will incur counseling expenses in the future.

4. Plaintiff has incurred medical expenses in the past and in reasonable probability will incur medical expenses in the future. Plaintiff Jane Doe has undergone a hysterectomy.

5. Plaintiffs has incurred expenses for her family to driver her to and from her daily rehabilitation vocational program.

6. Plaintiff has suffered mental anguish and emotional distress in the past and in reasonable probability will suffer mental anguish and emotional distress in the future.

7. Plaintiff has experienced physical pain and/or bodily injury from the sexual assaults.

XIII.

## EXEMPLARY DAMAGES

1. Plaintiff hereby makes her claim under the negligence causes of action for exemplary damages against Defendants in accordance with Texas Civil Practice & Remedies Code § 41.001 *et seq.*

XIV.

## PRESERVATION

1. The Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

XV.

## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

1. Plaintiff claims interest in accordance with applicable law.

XVI.

## CLAIM FOR ATTORNEY'S FEES

1. Plaintiff claims reasonable and necessary attorney's fees under claims for violation of Title II of the ADA and Section 504 of The Rehabilitation Act pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

## XVII.

## **JURY DEMAND**

1. Plaintiff respectfully requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recovers all her damages as specified above from Defendants, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

  */s/  T Nguyen*
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: tn@wturley.com

ATTORNEY FOR PLAINTIFFS