IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WOODBERRY, as Next Friend and Guardian of the Person of JANE DOE, an Incapacitated Person, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-3980-L |
| DALLAS AREA RAPID TRANSIT, MV TRANSPORTATION, INC., CEDRICK AGENT, and PURSUIT OF EXCELLENCE, INC. | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S OBJECTION TO DEFENSE EXPERT DR. J. DOUGLAS CROWDER'S DEPOSITION INVOICE**

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff files this Objection to Defense Expert Dr. J. Douglas Crowder's Invoice for attendance at deposition as unreasonable and requests this Court to issue an Order on the reasonable fee for compensation. Plaintiff respectfully shows the Court:

**I.    BACKGROUND**

1.    This is rape case of Jane Doe, a mentally retarded adult female, by her afternoon paratransit bus driver on two separate occasions on the bus while en route home on Bus Run 456 during the week of September 16, 2013. The bus driver is Cedrick Agent. DART's contractor for paratransit bus operations is MV

Transportation ("MVT"). MVT's subcontractor for staffing is Pursuit of Excellence (POE). MVT owned the buses driven by Agent carrying Jane Doe at all relevant times in question. Fact issues for an expert to assist the trier of fact are: (1) whether Jane Doe was raped and (2) what psychological damages resulted, if any.

2.      On April 29, 2016, the Court reduced the expert fee payment on the deposition of Plaintiff's expert Dr. Doyle from $3,000 to $2,400[1] in payment for eight hours of deposition time at a $300/hr rate when she, in actuality, appeared for 9.5 hours with 30 minutes of travel time. No payment was authorized for Dr. Doyle's preparation time.

3.      On May 10, 2016, defense expert psychiatrist Dr. Crowder's office notified Plaintiff of his $450/hr fee for preparation, travel, and deposition time. Plaintiff informed his office that Plaintiff would be disputing his rate.[2]

4.      On May 11, 2016, Plaintiff changed the location of the deposition to Dr. Crowder's office to avoid travel expenses.

5.      On May 26, 2016, Plaintiff took Dr. Crowder's deposition at his office.[3] The deposition took only two hours (actually 1 hour 56 minutes).[4]

---

[1] Order, DE 216, at 1; Doyle Invoice, DE 213, at 64 (of 221).

[2] *See* Email string between Plaintiff's counsel's office and Dr. Crowder's office dated May 10, 2016, **Exhibit A**.

[3] Crowder Depo, **Exhibit B**, at 96:5-8.

[4] Crowder Depo, **Exhibit B**, at 96:21.

6. Upon receipt of Dr. Crowder's invoice on May 31, 2016, Plaintiff attempted to negotiate Dr. Crowder's exorbitant rate. Plaintiff proposed paying him $600 at $300/hr for the two-hour deposition, which Dr. Crowder rejected.[5] Dr. Crowder's invoice charged $1,575 for two hours of deposition time and 1.5 hours of preparation time at a rate of $450/hr.[6]

## II. PAYMENT TO DEFENSE EXPERT DR. CROWDER SHOULD BE REDUCED.

### A. Dr. Crowder Confirmed There Is No Need For His Psychiatric Expertise In This Case.

Under Federal Rule 26(b)(4)(E), an expert's deposition fees and expenses may be recoverable against the deposing party, the fee must be reasonable and payment must not result in manifest injustice.[7] The purpose of the Rule is

> "to compensate experts for their time in participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost."[8]

It is manifest injustice to award fees where "a party retains an expert whose testimony is irrelevant or who is not qualified on the matter designated"; and the

---

[5] *See* Emails between Plaintiff's counsel's office and Dr. Crowder's office dated May 31, 2016, **Exhibit C**.

[6] Crowder Invoice, **Exhibit D**.

[7] FED. R. CIV. P. § 26(b)(4)(E).

[8] *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988) (citation omitted).

Court can reduce the requested fees to reflect an expert's designated, but lacking, areas of expertise.[9]

Here, unlike Plaintiff's expert psychologist, Dr. Alexandria Doyle,[10] who has charged only $300/hr for the last 10 years,[11] Dr. Crowder is not trained and qualified to testify in this matter. Dr. Crowder is a generic forensic psychiatrist.[12] Unlike Plaintiff's expert Dr. Doyle, he does not specialize in working with children,[13] mentally disabled adults,[14] or sexually abused victims.[15] Dr. Crowder's CV does not reflect experience evaluating the reliability of children,[16] psychiatric symptoms of mentally disabled individuals,[17] rape survivors,[18] or mentally disabled rape survivors.[19] He has never prior testified regarding mental retardation and rape.[20] While he testifies in depositions regularly,[21] Dr. Crowder might have

---

[9] *McCaig v. Wells Fargo Bank (Texas), N.A.*, No. 2:11-CV-351, 2014 WL 360546, at *3 (S.D. Tex. Feb 3, 2014).

[10] Dr. Doyle is a licensed clinical psychologist devoted to child issues, including evaluations where there is a question of sexual abuse and evaluations of people with mental disability. *See* DE 212, at 11-12.

[11] *See* DE 212, at 12.

[12] Crowder Depo, **Exhibit B**, at 60:3-5, 60:12-14, 88:7-11; Crowder CV, **Exhibit E**.

[13] Crowder Depo, **Exhibit B**, at 65:25-66:2, 72:7-10.

[14] Crowder Depo, **Exhibit B**, at 66:3-5, 72:11-17.

[15] Crowder Depo, **Exhibit B**, at 66:7-9.

[16] Crowder Depo, **Exhibit B**, at 68:19-25. *See generally* Crowder CV, **Exhibit E**.

[17] Crowder Depo, **Exhibit B**, at 69:16-19, 69:24-70:3. *See generally* Crowder CV, **Exhibit E**.

[18] Crowder Depo, **Exhibit B**, at 70:16-19. *See generally* Crowder CV, **Exhibit E**.

[19] Crowder Depo, **Exhibit B**, at 70:20-24. *See generally* Crowder CV, **Exhibit E**.

[20] Crowder Depo, **Exhibit B**, at 8:4-8.

[21] Crowder Depo, **Exhibit B**, at 6:18-23.

given only one deposition over 10 years ago regarding a mentally retarded individual[22] and may have given a few depositions involving sexual assault several years ago but was not certain.[23] Dr. Crowder agreed that both psychologist and psychiatrist attempt to under the role of mental functions in individuals and social behavior.[24] The only difference between a forensic psychiatrist (Dr. Crowder) and a forensic psychologist (Dr. Doyle) is psychiatrists are physicians and go through a different educational process but both deal with mental illness.[25]

Dr. Crowder felt the need to consult with Dr. Julie Carbery[26] to ***learn*** interview techniques and the proper manner of questioning Jane Doe in areas he did not have experience with.[27] Dr. Carbery charged Dr. Crowder ***only $200/hr*** and is a specialized psychologist with extensive experience in working with mentally retarded patients.[28] Dr. Crowder used play therapy with Jane Doe, taught to him by Dr. Carbery, because he had never applied play therapy outside of his residency 30 years ago.[29] Dr. Crowder understood little of Jane Doe's answers.[30] Dr. Crowder shared his findings and thoughts with Dr. Carbery, who never saw Jane Doe but

---

[22] Crowder Depo, **Exhibit B**, at 6:24-7:6.

[23] Crowder Depo, **Exhibit B**, at 7:20-8:3.

[24] Crowder Depo, **Exhibit B**, at 60:18-25.

[25] Crowder Depo, **Exhibit B**, at 60:4-14, 61:1-3.

[26] Crowder Depo, **Exhibit B**, at 27:18-19.

[27] Crowder Depo, **Exhibit B**, at 61:20-62:17.

[28] Crowder Depo, **Exhibit B**, at Exhibit 6.

[29] Crowder Depo, **Exhibit B**, at 63:22 – 64:2.

[30] Crowder Depo, **Exhibit B**, at 41:5-11.

agreed to Dr. Crowder his findings,[31] so to give confidence to Dr. Crowder's work. Dr. Crowder could not determine if rape occurred and could not rule it out either.[32] Dr. Crowder does not know and has not reviewed studies on how mentally-disabled people's behavioral tendencies after trauma or when they have PTSD (post-traumatic stress disorder).[33]

Based on Dr. Crowder's lack of qualifications to evaluate whether a rape occurred to give information that can help the jury decide facts based on his own training, experience, knowledge, and skill, a payment for expert fees over $300/hr (equivalent to Plaintiff's expert Dr. Doyle's fee) is unreasonable and manifestly unjust.[34] It would be unfair to require Plaintiff to pay for an expert unilaterally chosen by Defendant and whose training and skills do not fit the needs of this case.

This Court determined that Dr. Doyle's reasonable fee was $300 per hour for time spent testifying at deposition.[35] Therefore, Plaintiff requests this Court reduce Dr. Crowder's expert fee in this case to $300 per hour.

### B.  Payment For Expert Preparation Time Is Not Warranted And Has Not Been Awarded To Other Experts In This Case.

Because the Court only ordered payment for Dr. Doyle's deposition time, Dr. Crowder's deposition fee should also be limited to deposition testimony time.

---

[31] Crowder Depo, **Exhibit B**, at 27:10-25.

[32] Crowder Depo, **Exhibit B**, at 21:7-12, 25:22-26:1.

[33] Crowder Depo, **Exhibit B**, at 29:15-24.

[34] *See* Fed. R. Civ. P. § 26(b)(4)(E).

[35] *See* Order, DE 216.

In addition, Texas courts have reduced expert fees for deposition preparation as excessive and unreasonable when the billed preparation time is roughly equal to the length of the deposition.[36] Dr. Crowder's deposition invoice seeks compensation for 1.5 hours of preparation time[37] for a deposition that lasted one hour and fifty-six minutes.[38] Requiring Plaintiff to compensate Dr. Crowder for preparation time that nearly doubles the invoice total is unreasonable and manifestly unjust.[39] No payment for Dr. Crowder's preparation time is justified.

WHEREFORE, Plaintiff respectfully requests the Court reduce Dr. Crowder's expert rate to $300.00 per hour and reject payment for any preparation time.

Respectfully submitted,

TURLEY LAW FIRM

 /s/  T Nguyen
T Nguyen
State Bar No. 24051116

Mimi Ghassemi
State Bar No. 24091257
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025

---

[36] *See e.g.*, *Anderson v. Siemens Med. Sys., Inc.*, No. CIV.A. 3:98-CV-1850, 2002 WL 199878, at *4 (N.D. Tex. Feb. 7, 2002).

[37] Crowder Invoice, **Exhibit D**.

[38] Crowder Depo, **Exhibit B**, at 96:21.

[39] *See* FED. R. CIV. P. § 26(b)(4)(E); Crowder Invoice, **Exhibit E**.

        Telecopier No. 214/361-5802
        Email: tn@wturley.com and mimig@wturley.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel conferred with Defendants' counsel: Defendant DART has no position on this issue; Defendant POE is unopposed; and Defendants MVT and Agent are opposed.

        /s/ T Nguyen
        T Nguyen

## CERTIFICATE OF SERVICE

The foregoing document was caused to be filed into the Federal CM/ECF electronic filing system, which will serve all counsel of record on this 2nd day of August, 2016.

        /s/ T Nguyen
        T Nguyen