IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WOODBERRY, as Next Friend and Guardian of the Person of JANE DOE, an Incapacitated Person, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-3980-L |
| DALLAS AREA RAPID TRANSIT, MV TRANSPORTATION, INC., CEDRICK AGENT, and PURSUIT OF EXCELLENCE, INC. | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO LIMIT TESTIMONY OF DR. J. DOUGLAS CROWDER**

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff files this Motion for Leave to File Motion to Limit Testimony of Dr. J. Douglas Crowder and respectfully shows the Court Dr. Crowder is not qualified to testify in this matter and his opinions are not relevant and not reliable.

1. This is rape case of Jane Doe, a mentally retarded adult female, by her afternoon paratransit bus driver on two separate occasions on the bus while en route home on Bus Run 456 during the week of September 16, 2013. The bus driver is Cedrick Agent. DART's contractor for paratransit bus operations is MV Transportation ("MVT"). MVT's subcontractor for staffing is Pursuit of

Excellence (POE). MVT owned the buses driven by Agent carrying Jane Doe at all relevant times in question. Fact issues for an expert to assist the trier of fact are: (1) whether Jane Doe was raped and (2) what psychological damages resulted, if any.

2. The original deadline for Defendants' expert designation was November 4, 2015 (DE 26).

3. On December 3, 2015, Dr. Crowder interviewed Jane Doe for an hour and spent 30 minutes talking to Jane Doe's mother Joyce Woodberry and family friend Betty Freeman with Jane Doe in the room. His objective was "to determine whether Jane Doe suffers from a psychiatric disorder which might have resulted from ['an alleged sexual assault']".

4. The original deadline for challenges to expert testimony was January 19, 2016.

5. On March 4, 2016, the Court extended Defendants' expert designation to March 15, 2016 (DE 186).

6. On March 7, 2016, Plaintiff received the Report of Defendants' expert psychiatry Dr. J. Douglas Crowder.

7. On March 31, 2016, the Court vacated all pretrial deadlines (DE 203).

8. On May 26, 2016, Plaintiff deposed Dr. Crowder.

9. In the absence of a set trial date and because Defendants were allowed to extend their expert deadline beyond the deadline for challenging experts,

allowing Plaintiff to file her Motion to Limit Dr. Crowder's testimony will not unduly prejudice Defendants.

10. Plaintiff's Motion to Limit the Testimony of Dr. Crowder is attached as **Exhibit 1**.

10. This request is not made for delay but so justice may be had.

WHEREFORE, Plaintiff respectfully requests the Court grant this Motion to allow Plaintiff to File her Motion to Limit Testimony of Dr. J. Douglas Crowder.

        Respectfully submitted,

        TURLEY LAW FIRM

        */s/  T Nguyen*
        T Nguyen
        State Bar No. 24051116

        Mimi Ghassemi
        State Bar No. 24091257
        6440 North Central Expressway
        1000 Turley Law Center
        Dallas, Texas 75206
        Telephone No. 214/691-4025
        Telecopier No. 214/361-5802
        Email: tn@wturley.com and mimig@wturley.com

        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF CONFERENCE**

I hereby certify that Plaintiff's counsel conferred with Defendants' counsel; and Defendant DART has no position on this matter; Defendant POE is opposed; and Defendants MVT and Agent are opposed.

        */s/  T Nguyen*
        T Nguyen

## **CERTIFICATE OF SERVICE**

The foregoing document was caused to be filed into the Federal CM/ECF electronic filing system, which will serve all counsel of record on this 10th day of August, 2016.

        */s/  T Nguyen*
        T Nguyen