### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| WOODBERRY, as Next Friend and Guardian of the Person of JANE DOE, An Incapacitated Person, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:14-CV-03980-L** |
| DALLAS AREA RAPID TRANSIT, MV TRANSPORTATION, INC., CEDRICK AGENT, and PURSUIT OF EXCELLENCE, INC., | § § § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court are: Defendant DART's Motion for Summary Judgment (Doc. 148), filed January 19, 2016; Defendants MV Transportation, Inc. and Cedrick Agent's Motion for Summary Judgment (Doc. 151), filed January 19, 2016; Defendant Pursuit of Excellence, Inc.'s Motion for Summary Judgment (Doc. 157), filed January 19, 2016;  Plaintiff's Motion to Limit the Testimony of Dr. J. Douglas Crowder (Doc. 238), filed August 10, 2016; and Defendants MV Transportation, Inc. and Cedrick Agent's Motion to Strike, Limit or Exclude Certain Expert Testimony (Doc. 154), filed January 19, 2016.  Having considered the motions, evidence, record, and applicable law, the court **grants** Defendant DART's Motion for Summary Judgment (Doc. 148); **grants** Defendants MV Transportation, Inc. and Cedrick Agent's Motion for Summary Judgment (Doc. 151); **grants** Defendant Pursuit of Excellence, Inc.'s Motion for Summary Judgment (Doc. 157); **denies as moot** Plaintiff's Motion to Limit the Testimony of Dr. J. Douglas Crowder (Doc. 238); and **denies as moot**

Defendants MV Transportation, Inc. and Cedrick Agent's Motion to Strike, Limit or Exclude Certain Expert Testimony (Doc. 154).

## I.     Factual Background and Procedural History

This is an action brought by Plaintiff Woodberry, as next friend and guardian of her thirty-seven-year-old developmentally disabled daughter, Jane Doe ("Plaintiff"), against Defendants Dallas Area Rapid Transit ("DART"), MV Transportation, Inc. ("MVT"), Pursuit of Excellence, Inc. ("POE"), and Cedrick Agent ("Agent").[1]  Plaintiff alleges Defendants DART, MVT, and POE are liable for violating Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.* ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), in connection with the alleged rape of Jane Doe in September 2013 while she was a passenger on a DART paratransit bus.  Plaintiff also brings state-law negligence-based claims against DART, MVT, and POE, as well as a negligence per se claim against paratransit bus operator Agent, the alleged perpetrator of the rape,[2] based on his alleged assault and battery of Jane Doe and his alleged violations of Texas Penal Code §§ 22.01 and 22.011.  *See* Third Am. Compl. (Doc. 23).  The court now sets forth the relevant facts.[3]

---

[1] As of November 11, 2014, the date the initial complaint was filed, Jane Doe was thirty-seven years old.  *See* Compl. 3, ¶ 1.

[2] In Plaintiff's Third Amended Complaint (Doc. 23), she uses the terms "rape" and "sexual assault" interchangeably to describe Agent's alleged conduct.  Although "sexual assault" is a broad term, and every "sexual assault" is not a "rape," the court will use the terms interchangeably to be consistent with Plaintiff's use of these terms.

[3] In its recitation of the facts, the court applies the legal standard set forth in Section II of this Memorandum Opinion and Order.

**Memorandum Opinion and Order - Page 2**

DART, a regional transportation authority receiving federal funding, provides curb-to-curb, shared ride services to those individuals with disabilities who are unable to use DART's fixed route system of buses and trains. DART App. 22. DART's paratransit plan is approved as compliant with Title II of the ADA by the Federal Transit Administration ("FTA"). *Id.* at 22, 44-47. In 2012, after a public bid solicitation process, DART awarded Defendant MVT the Mobility Management Services Contract ("Contract"), under which MVT agreed to provide in the DART service area paratransit services for those individuals with disabilities who were properly certified and enrolled in the DART paratransit program. *Id.* at 23, 25. Defendant POE is a subcontractor of MVT under the Contract. *Id.* at 23, 27, 29. POE provides human resources, labor, administrative, and executive consulting services. *Id.* From October 2012 through January 2015, POE was the employer of paratransit bus operators, including Agent.

Jane Doe, a thirty-seven-year-old developmentally disabled woman, was certified to receive paratransit transportation services through December 10, 2013. *Id.* at 2, 6. During the week of September 16-20, 2013, Jane Doe rode in paratransit bus numbers 8114, 8125, and 8130 to and from her home in Dallas and her vocational rehabilitation facility in Garland. *Id.* at 23. On Monday, September 23, 2013, Woodberry called the City of Dallas Police Department to report the alleged rape of her daughter, Jane Doe, on a DART paratransit bus during the preceding week. *Id.* at 81, 110. On the same day, Jane Doe was taken to Parkland Hospital and examined. *Id.* at 81. The Dallas Police Department turned the investigation over to the DART Police Department, where the investigation was assigned to Detective Jamie Loya. *Id.* at 81. The investigation included interviews with Woodberry, Jane Doe, and her sister Lakeisha, a rape screen kit, a DNA

examination, a photo line-up of suspects, and a forensic examination of Jane Doe's panties. *Id.* at 81-97. The investigation revealed no substantiating evidence of rape, and the case was designated as inactive on January 27, 2014. *Id.* at 62, 81-97.

On November 11, 2014, Woodberry, as next friend and guardian of Jane Doe, filed Plaintiff's Original Complaint (Doc. 1), and on February 9, 2015, filed her Third Amended Complaint ("Complaint") (Doc. 23), the live pleading. Plaintiff alleges that "[o]n or about September 20, 2013[,] in the late afternoon and on one prior occasion during the same week," Jane Doe was a passenger on a DART paratransit bus. Compl. 4, ¶ 1. Plaintiff alleges that on each of the two occasions, "the bus driver, Cedrick Agent, stopped the bus, walked back to where Jane Doe was seated on the bus, and demanded that Jane Doe unfasten her seat belt and bend over. Jane Doe complied. Cedrick Agent then ripped Jane Doe's underwear and raped her from behind." *Id.* at 4, ¶ 2. Plaintiff further alleges that the sexual assault against Jane Doe "occurred on a paratransit bus and under the supervision and control of Defendants DART, MVT, and [POE]." *Id.* at 4, ¶ 3. Plaintiff brings causes of action against DART, MVT, and POE for alleged violations of Title II of the ADA and the Rehabilitation Act, as well as negligence-based causes of action against them, and against Agent for assault and battery, intentional infliction of emotional distress, and negligence per se, alleging he violated the Texas Penal Code §§ 22.01 and 22.011.

With respect to the ADA, Woodberry alleges that "Jane Doe, by reason of her disability, was denied the benefits of a safe paratransit bus ride or was subjected to discrimination by Defendant DART *when the bus driver singled her out and sexually assaulted her* before letting her off the bus at her drop-off location." Compl. 6, ¶2. Plaintiff makes identical allegations against MVT and POE.

**Memorandum Opinion and Order - Page 4**

*Id.* at 12, ¶ 2 and at 19, ¶ 2 (emphasis added).  With regard to violations of the Rehabilitation Act, Plaintiff makes nearly identical allegations against DART, MVT, and POE, asserting that Jane Doe, "solely by reason of her disability, was denied the benefit of a safe paratransit bus ride and/or subject to discrimination on the subject bus *when the bus driver singled her out and sexually assaulted her* before letting her off the bus at her drop-off location."  *Id.* at 7, ¶ 4 (emphasis added).

With regard to Defendant Agent, Plaintiff contends that he "raped Jane Doe [and] committed assault and battery of [her] each time he assaulted her sexually and/or directed her to have sexual contact with him."  *Id.* at 18, ¶ 1.  Plaintiff further alleges that Agent violated Sections 22.01 and 22.011 under the Texas Penal Code when he sexually assaulted Jane Doe, and that violations of these criminal statutes constitute negligence pre se.  *Id.* at 18, ¶ 3.  Plaintiff also contends that Agent's "sexual advances toward . . . Jane Doe resulted in intentional infliction of severe emotional distress." *Id.* at 18, ¶ 2.  Plaintiff's state law claims against DART, MVT, and POE all arise from Agent's alleged sexual assault of Jane Doe, including negligent supervision and training of Agent, breach of the duty to exercise reasonable care in controlling a servant, failure to implement safety policies and procedures, negligent assumption of the risk of criminal conduct by Agent, failure to warn of Agent, and that Defendants should have known that Agent posed an unreasonable risk of harm.[4]  Asserting that Defendants' actions caused her injuries, Plaintiff seeks compensatory damages based on her mental anguish and emotional distress and physical pain and bodily injury arising from Agent's

---

[4] With respect to DART, Plaintiff has withdrawn all her state law claims with the exception of her claim that a discrepancy between the GPS system on the bus and the handwritten manifest created by the driver was related to Jane Doe's injuries, and that absent the discrepancies, "Jane Doe's rapes would not have occurred; or at least the second rape on the subsequent day against Jane Doe could have been prevented." *See* Pl.'s Am. Br. in Opp'n to Def. DART's Mot. Summ. J. 14 (Doc. 241).

alleged conduct, counseling expenses, past and future medical expenses, and expenses associated with her family having to drive her to and from her daily rehabilitation vocational program.  Plaintiff also seeks exemplary damages.

On January 19, 2016, Defendants each filed a motion for summary judgment on all Plaintiff's claims, arguing that there are no genuine disputes of material fact for trial and that each was entitled to judgment as a matter of law.  On February 9, 2016, Plaintiff filed her responses to the various motions for summary judgment and included an affidavit that more discovery was required to respond fully to Defendants' respective arguments.  On July 12, 2016, Plaintiff sought leave of court to file amended responses to Defendants' respective summary judgment motions, explaining that amendment was required because discovery was ongoing at the time her responses were initially due, February 9, 2016, and continued until April 14, 2016, when she was able to depose DART's corporate representative pursuant to an order issued by Magistrate Judge Ramirez compelling DART's corporate representative's deposition.  Defendants opposed her motion.

On February 23, 2017, in the interest of having the full summary judgment record available when considering Defendants' pending summary judgment motions, the court granted Plaintiff leave to file amended responses, which were docketed on February 23, 2017.  *See* Pl.'s Am. Resp. to Def. DART's Mot. Summ. J. (Doc. 240); Pl.'s Am. Brief in Opp'n to Def. DART's Mot. Summ. J. and Exs. A-G (Docs. 241 and 241-1); Pl.'s Am. Resp. to Defs. MV Transportation, Inc. and Cedrick Agent's Mot. Summ. J. (Doc. 242); Pl.'s Am. Brief in Opp'n to  Defs. MV Transportation, Inc. and Cedrick Agent's Mot. Summ. J. and Exs. A-I (Docs. 243 and 243-1); Pl.'s Am. Resp. to Def. Pursuit

of Excellent, Inc.'s Mot. Summ. J. (Doc. 244); Pl.'s Am. Brief in Opp'n to Def. Pursuit of Excellent,

Inc.'s Mot. Summ. J. and Exs. A-H (Docs. 245 and 245-1).

## II.     Legal Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute

as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas

Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine"

if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary

judgment, the court is required to view all facts and inferences in the light most favorable to the

nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift

Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility

determinations or weigh the evidence" in ruling on a motion for summary judgment.   *Reeves v.

Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the

nonmoving party's case, the party opposing the motion must come forward with competent summary

judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus.

Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden

of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative

defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense

to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)

(emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.     Analysis

Defendants have moved for summary judgment on Plaintiff's federal and state law claims, all of which arise from Agent's alleged rape of Jane Doe on the DART paratransit bus.  *See* Docs. 23, 148, 151, and 157.   MVT and Agent, among other things, specifically argue that summary judgment in their favor is warranted because Plaintiff has no evidence to support the allegation that Agent raped Jane Doe.  *See* Defs. MVT and Agent's Br. in Supp. of Summ. J. Mot. 34-36 (Doc. 152).  For the reasons that follow, the court determines that Defendants are entitled to summary judgment, as Plaintiff has failed to provide the court with any competent summary judgment evidence to raise a genuine dispute of material fact that Defendant Agent sexually assaulted Jane Doe.  Absent any evidence of the sexual assault, Plaintiff's federal and state law claims against all Defendants fail as a matter of law.

### A.     Title II of the ADA and the Rehabilitation Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B).  Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program

or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).  A "program or activity" includes "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government . . . ." 29 U.S.C. § 794(b)(1)(A).  Congress intended that Title II of the ADA "work in the same manner as Section 504," *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (internal quotation marks and citation omitted), and jurisprudence interpreting either statute is generally applicable to both.  *See  id.*  To prove a claim under Title II of the ADA or § 504 of the Rehabilitation Act, Plaintiff must produce evidence that Jane Doe (1) was a qualified individual with a disability, and (2) was excluded from participation in or denied the benefits of the services, programs, or activities, or was otherwise subjected to discrimination, (3) because of her disability.  *See id.*

B.     **The Summary Judgment Evidence**

Defendants do not dispute that Jane Doe was a qualified individual with a disability.  Instead, DART argues that it complied fully with the ADA and the Rehabilitation Act and attaches summary judgment evidence to support its contention that Jane Doe was never denied meaningful access to paratransit services.  MVT and POE argue that they are not required to comply with the ADA and the Rehabilitation Act, or, in the alternative, that Jane Doe was never denied meaningful access to paratransit services.

In her amended brief filed in response to DART's summary judgment motion, Plaintiff asserts without any citation to supporting evidence:

This is a rape case of Jane Doe, a mentally retarded adult female, by her afternoon paratransit bus driver on two separate occasions on the bus while en route home on

Bus Run 456 during the week of September 16, 2013.  The bus driver is Cedrick Agent.  DART's contractor for paratransit bus operations is [MVT].  [MVT's] subcontractor for staffing is [POE].  [MVT] owned the buses driven by Agent carrying Jane Doe at all relevant times in question.

Pl.'s Am. Brief in Opp'n to Def. DART's Mot. Summ. J. 2 (Doc. 241).  Plaintiff then argues:

1.      Under federal law, *there is [a] genuine issue of material fact that DART violated the ADA and [Rehabilitation Act] when Jane Doe was sexually assaulted on a DART paratransit bus.*  Courts treat claims under [the Rehabilitation Act] and Title II of the ADA the same.  Sexual assault is discrimination under the ADA.  DART was statutorily required to ensure bus driver Agent had proper training to properly, respectfully, and safely assist Jane Doe.  In effect, DART discriminated against Jane Doe and denied her the benefit of safe transportation.

*Id.* at 1-2 (emphasis added).[5]  Plaintiff makes nearly identical allegations, again without any citations to the record, against Defendants MVT, Agent, and POE.  *See* Pl.'s Am. Brief in Opp'n to Defs. MV Transportation, Inc. and Cedrick Agent's Mot. Summ. J. 1-2 (Doc. 243); Pl.'s Am. Brief in Opp'n to Def. Pursuit of Excellent, Inc.'s Mot. Summ. J. 1-2 (Doc. 245).  Although Plaintiff fails to cite to the record to support any of her assertions, she attaches numerous exhibits to her amended responses.  *See* Doc. 241-1 (Exs. A-G), 243-1 (Exs. A-I), 245-1 (Exs. A-H).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Ragas*, 136 F.3d at 458; *see also Skotak*, 953 F.2d at 915-16 & n.7.  Notwithstanding this well-established principle of

---

[5] Plaintiff also argues, again without citation to the record, that: "There is [a] genuine issue of material fact of DART's liability for Jane Doe's personal injury under the Texas Tort Claims Act for failing to take effective measures to monitor activities on the bus because of the condition of the GPS and camera system on the bus, which caused injuries to Jane Doe."  Pl.'s Am. Brief in Opp'n to Def. DART's Mot. Summ. J. 2 (Doc. 241).

law, the court has carefully reviewed all of the exhibits attached to Plaintiffs' amended responses

to Defendants' motions for summary judgment.  The court has determined that the exhibits do not

contain a scintilla of evidence supporting the assertion that Defendant Agent sexually assaulted Jane

Doe.[6]  That a police investigation was undertaken following Woodberry's allegations is insufficient,

without more, to raise a genuine dispute of material fact, even drawing all inferences in favor of

Plaintiff, the nonmoving party.  Further, evidence submitted by Defendants does not support that a

rape occurred.  Plaintiff's unsupported assertions and conclusory allegations of sexual assault are not

competent summary judgment evidence and thus cannot be relied upon by Plaintiff to defeat

Defendants' motions for summary judgment. *See Eason*, 73 F.3d at 1325; *Forsyth*, 19 F.3d at 1533.

Absent any competent summary judgment evidence supporting the assertion that Agent sexually

assaulted Jane Doe, the court concludes that Plaintiff has failed to raise a genuine dispute of material

fact that Defendants are liable for violations of Title II of the ADA, the Rehabilitation Act, or liable

for the state law causes of action asserted against them, all of which hinge on the sexual assault of

Jane Doe.

Further, the allegations of Plaintiff's Complaint that Jane Doe was raped cannot serve as a

basis to defeat summary judgment.  When a party has filed a properly supported motion for summary

judgment, the nonmovant may not rely on the allegations in an unverified pleading to defeat

summary judgment.  *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991);

---

[6] In addition, the court reviewed all of the exhibits submitted with Plaintiff's original responses to Defendants' motions for summary judgment, even though they have been superseded by the amended responses.  Similarly, the court found no evidence supporting the allegation that Agent sexually assaulted Jane Doe.

**Memorandum Opinion and Order - Page 12**

*Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). As Plaintiff's Complaint is not verified, the court may not consider it in determining whether Plaintiff has raised a genuine dispute of material fact.

Although the court has determined that Defendants' motions for summary judgment must be granted because Plaintiff has failed to provide even a scintilla of evidence to support the allegation that Jane Doe was sexually assaulted by Agent, a *sine qua non* to all her claims, the court also concludes that DART's, MVT's, and POE's motions for summary judgment should be granted on other grounds as well.

As already stated, to prove a claim under Title II of the ADA or § 504 of the Rehabilitation Act, Plaintiffs must establish that Jane Doe (1) was a qualified individual with a disability, and (2) was excluded from participation in or denied the benefits of the services, programs, or activities, or was otherwise subjected to discrimination, (3) because of her disability. *Hainze*, 207 F.3d at 799. Defendants do not dispute that Jane Doe was a qualified individual with a disability; rather, they argue that the evidence shows that, to the extent they were even subject to the ADA and Rehabilitation Act, Jane Doe was never denied meaningful access to the paratransit services.[7] As argued by DART, the undisputed evidence shows that Doe had an active eligible ADA paratransit service account through December 10, 2013, and there "is absolutely no evidence DART denied Doe

---

[7] The court assumes, without deciding, that Title II of the ADA and the Rehabilitation Act apply to MVT and POE, and, therefore, need not address their arguments that they are not public entities and do not receive financial assistance.

the use or benefit of paratransit services because of her disability, or for any other reason." DART

Summ. J. Br. 5 (Doc. 149).   DART further argues: "Woodberry, as the parent and legal guardian of

Doe, was the sole person who made the decision to cancel paratransit services for Doe." *Id.* MTV

and POE make similar arguments in support of their motions for summary judgment.

In response, Plaintiff makes clear that she "does not claim DART excluded Jane Doe from

paratransit services.  Whether Jane Doe's guardian canceled the services after learning of the assault

committed on Jane Doe has no bearing on DART's liability under the ADA." Pl.'s Am. Brief in

Opp'n to Def. DART's Mot. Summ. J. 11-12 (Doc. 241).  Instead, Plaintiff clarifies that the alleged

sexual assault, itself, is discrimination against Jane Doe under Title II of the ADA and the

Rehabilitation Act.  Specifically, she contends that: "Sexual assault is discrimination under the

ADA." *Id.* at 5.

As summarized above, Title II of the ADA provides that "no qualified individual with a

disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or *be subjected to discrimination*

by any such entity." 42 U.S.C. § 12132 (emphasis added).  Section 504 of the Rehabilitation Act

provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her

or his disability, be excluded from the participation in, or be denied the benefits of, *or be subjected*

*to discrimination* under any program or activity receiving Federal financial assistance . . . ." 29

U.S.C. § 794(a) (emphasis added).

As the court understands Plaintiff's amended responses to Defendants' summary judgment motions, she is relying on the "subjected to discrimination" language to support her claim, and asserting that the alleged sexual assault itself, or the failure to prevent it, constitutes "discrimination" under Title II of the ADA and the Rehabilitation Act.  Plaintiff fails to cite case law to support this proposition.[8]  Based on its independent research, the court agrees with those courts that have addressed this issue and rejected such an argument.  *See, e.g., Woods v. G.B. Cooley Hosp. Serv. Dist.*, 2007 WL 4812054, at *2 (W.D. La. Dec. 10, 2017).  In *Woods*, Woods's ten-year-old son with moderate mental disabilities was admitted to a hospital where he was allegedly physically and sexually abused.  Woods sued the hospital under the ADA arguing that the "subject to discrimination" language included the intentional tortious conduct committed after her son was already granted services at the hospital.  The court rejected this claim, stating:

> This argument, that physical or sexual abuse constitutes "discrimination" under Title II is an attempt at unduly broadening the scope of the ADA.  To hold that such actions constitute discrimination under Title II, would be to turn "subject to discrimination" into a catch-all phrase that includes any and all objectionable conduct.  As the plaintiffs cite no justification for such a broad reading of the statute, the could must conclude that its application is unwarranted.

*Woods*,  2007 WL 4812054, at *2; *see also Ball v. St. Mary's Residential Training Sch.*, 2015 WL 3448470, at *1-3 (W.D. La. May 28, 2015) (rejecting similar claim brought by parent of minor child

---

[8] Plaintiff cites to *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011), a case involving disabled residents who depended on motorized wheelchairs for mobility and sued the city under Title II of the ADA because the city built and altered sidewalks that were not readily accessible to them.  The court held: "When a newly built or altered city sidewalk is unnecessarily made inaccessible to individuals with disabilities, those individuals are denied the benefits of safe transportation and a venerable public forum."  *Id.* at 228.  Having read *Frame*, the court concludes it does not provide support for Plaintiff's argument that sexual assault is, per se, discrimination under Title II of the ADA and the Rehabilitation Act.

under Title II of the ADA and the Rehabilitation Act where plaintiff's complaint alleged that her minor son was abused and neglected while in the care of defendant, holding that "Plaintiff's remedies for breach of contract, intentional tort and negligence do not lie within Title II [of the ADA] or Section 504 [of the Rehabilitation Act][.]").   Absent any citation to legal support for Plaintiff's argument, the court similarly declines Plaintiff's invitation to unduly broaden the scope of Title II of the ADA and Rehabilitation Act.   Accordingly, in addition to those grounds previously stated by the court, *see supra*, DART's, MVT's, and POE's respective motions for summary judgment as to Plaintiff's federal claims will be granted on this basis as well.

With respect to Plaintiff's remaining state law claims against DART, the court concludes that the remaining claims are barred by governmental immunity granted to DART under the Texas Tort Claims Act.   DART, as a regional transportation authority, is a governmental unit.   *See* Texas Transportation Code Ann. § 452.002(c) (Vernon 2005); *Stephens v. Dallas Area Rapid Transit*, 50 S.W.3d 621, 632 (Tex. App.—Dallas 2001, no pet.).   Under the Texas Tort Claims Act, a governmental unit, such as DART, can be liable only for (1) property damage, personal injury, and death arising from the operation or use of a motor-driven vehicle or equipment; and (2) personal injury and death caused by a condition or use of tangible personal or real property.   Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Texas Dep't of Transp. v. Able,* 35 S.W.3d 608, 611 (Tex. 2000). Plaintiff has failed to provide adequate grounds as to why either of these exceptions to governmental immunity applies in this case.   Further, in her amended response, Plaintiff does not address why claims of sexual assault against DART are not within the scope of the TTCA waiver of governmental

immunity arising from intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2). DART is, therefore, entitled to summary judgment on Plaintiff's state-law claims on this ground, as well as those previously stated by the court, *supra*.

With respect to Plaintiff's state law claims against MVT and POE, including, without limitation, negligent supervision and training of Agent, breach of the duty to exercise reasonable care in controlling a servant, failure to implement safety policies and procedures, negligent assumption of the risk of criminal conduct by Agent, failure to warn of Agent, and that Defendants should have known Agent posed an unreasonable risk of harm, as the court has already made clear, absent any evidence that Agent sexually assaulted Jane Doe, these negligence-based state law claims fail, and MVT and POE are entitled to summary judgment as a matter of law.

## IV.    Conclusion

The allegations alleged in the Complaint are regrettable and tragic. This case, however, is at the summary judgment stage, and the court is duty-bound under Federal Rule of Civil Procedure 56(c) to look beyond the pleadings to the summary judgment evidence marshaled by the parties. Plaintiff, in responding to Defendants' motions for summary judgment, fails to come forward with any evidence to support her allegation that Jane Doe was sexually assaulted by Defendant Agent. Absent any evidence supporting this key allegation, Plaintiff's federal and state law claims fail as a matter of law, as all are premised on Plaintiff raising a genuine dispute of material fact that Agent sexually assaulted Jane Doe. Because Plaintiff has failed to raise a genuine dispute of material fact that Jane Doe was sexually assaulted by Defendant Agent, the court **concludes** that all Defendants

are entitled to judgment as a matter of law on Plaintiff's federal claims alleging violations of Title II of the ADA and the Rehabilitation Act, and Plaintiff's state law claims.

Accordingly, for the reasons herein stated, the court **grants** Defendant DART's Motion for Summary Judgment (Doc. 148); **grants** Defendants MV Transportation, Inc. and Cedrick Agent's Motion for Summary Judgment (Doc. 151); and **grants** Defendant Pursuit of Excellence, Inc.'s Motion for Summary Judgment (Doc. 157).   Plaintiff's federal and state law claims against Defendants DART, MVT, and POE, and Plaintiff's state law claims against Defendant Agent are hereby **dismissed with prejudice**, and Plaintiff's Motion to Limit the Testimony of Dr. J. Douglas Crowder (Doc. 238) and Defendants MV Transportation, Inc. and Cedrick Agent's Motion to Strike, Limit or Exclude Certain Expert testimony (Doc. 154) are, therefore, **denied as moot**.   This action is hereby **dismissed with prejudice**.   As required, a final judgment will issue by separate document pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered** this 3rd day of March, 2017.

Sam A. Lindsay
United States District Judge