# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| WOODBERRY, as Next Friend and Guardian of the Person of JANE DOE, An Incapacitated Person, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:14-CV-03980-L** |
| DALLAS AREA RAPID TRANSIT, MV TRANSPORTATION, INC., CEDRICK AGENT, and PURSUIT OF EXCELLENCE, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Retax Costs (Doc. 251), filed April 7, 2017.[*] Having considered the motion, response, reply, record, and applicable law, and for the reasons set forth below, Plaintiff's Motion to Retax Costs is **denied in part** and **granted in part**.

## I. Background

On March 3, 2017, the court granted Defendants' Motion for Summary Judgment (Doc. 246) and entered Judgment (Doc. 247), which assessed taxable costs of court against Plaintiff. On March 17, 2017, Defendants filed their Bill of Costs (Doc. 248), requesting taxable costs in the amount of $4,537.95, which includes $2,737.95 for costs associated with obtaining the deposition transcripts of Plaintiff's expert, and $1,800 for fees Defendants paid to Plaintiff's expert for her appearance at

---

[*] Although titled "Plaintiff's Motion to Retax Costs," Plaintiff is actually objecting to Defendants' Bill of Costs and asking the court to disallow or reduce the costs requested by Defendants.

**Memorandum Opinion and Order - Page 1**

her deposition. Plaintiff challenges the deposition transcript costs on the basis that Defendants have failed to meet their burden of showing they were necessarily obtained for use in this case. Plaintiff challenges the expert fees as unrecoverable under applicable law. Plaintiff asks the court to disallow or reduce these costs.

## II.     Applicable Law

A prevailing party is entitled to recover costs unless a federal statute, the federal rules, or the court provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citation omitted); *see also Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (noting that it is incumbent on the losing party to overcome the presumption of awarding costs to the prevailing party). A court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco*, 448 F.3d at 794 (citation omitted). A district court has wide discretion in awarding costs, but the discretion is not unfettered. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The court's discretion in taxing costs is limited to the recoverable costs set forth in 28 U.S.C. § 1920.

## III.    Analysis

In their Bill of Costs, Defendants request $2,737.95 for costs incurred in connection with the deposition of Plaintiff's expert, and $1,800 for fees Defendants paid to Plaintiff's expert for her appearance at her deposition. Plaintiff objects to the costs associated with the deposition transcript of Plaintiff's expert on the basis that Defendants have failed to prove the transcript was necessarily obtained for use in this case and contends that the fees Defendants paid to Plaintiff's expert for her

time spent attending her deposition are not recoverable as taxable costs. The court addresses these objections in turn.

A. **Transcript Fees**

Defendants seek $2,737.95 in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in this case." Bill of Costs 1 (Doc. 248). This figure is derived from costs associated with the printed and electronically recorded deposition transcript of Alexandria Doyle, PhD, Plaintiff's designated expert. Plaintiff objects to these costs, contending that Defendants have failed to explain why these deposition costs were necessary.

Costs related to printed or electronically recorded transcripts are recoverable when they are necessarily obtained for use in the case. 28 U.S.C. § 1920(2). The cost of a deposition is taxable if the court finds that "all or any part of the deposition was necessarily obtained for use in the case." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984) (internal punctuation and citation omitted). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.*

In response to Plaintiff's challenge, Defendants argue that the deposition transcript costs are taxable against Plaintiff "because the Defendant used the testimony of Dr. Doyle and exhibits from her deposition in their motion for summary judgment, which the court granted on March 3, 2017[.]" Defs.' Resp. 2. In Plaintiff's reply, Plaintiff points out that "there are **no references** or citations in

Defendants' Motion for Summary Judgment, Brief, or Appendix . . . to the deposition of Dr. Alexandria Doyle." Reply at 1-2 (original emphasis). Although Plaintiff is correct that Defendants do not cite to, or rely on, Dr. Doyle's deposition testimony in their Motion for Summary Judgment, this does not end the inquiry.

On October 5, 2015, Plaintiff designated Dr. Doyle as a retained expert and stated that "Dr. Doyle is expected to testify as to [Jane Doe's] damages and the causation for those damages." Pls.' FRCP 26(a)(2) Expert Disclosures 1-2 (Doc. 39). On December 15, 2015, Defendants took the oral and videotaped deposition of Dr. Doyle. On January 19, 2016, Defendants filed a Motion to Strike, Limit, or Exclude Testimony, arguing that Dr. Doyle's testimony as to the alleged psychological injury suffered by Jane Doe should be excluded under Federal Rule of Evidence 702 as improper and unreliable. On January 19, 2016, Defendants filed their respective Motions for Summary Judgment. In response, Plaintiff relied heavily on the report of Dr. Doyle. In reply, Defendants cited to Dr. Doyle's deposition transcript and her expert report, arguing that Plaintiff had failed to raise a genuine dispute of material fact as to causation and damages sufficient to defeat summary judgment. On March 3, 2017, the court granted Defendants' respective Motions for Summary Judgment for reasons unrelated to Dr. Doyle's expert report and denied as moot Defendants' Motion to Strike, Limit, or Exclude the Testimony of Dr. Doyle.

Regardless of whether relied upon by Defendants in their Motions for Summary Judgment, given that Dr. Doyle was Plaintiff's designated expert as to causation and damages, the court determines that her deposition testimony could reasonably be expected to be used for trial preparation, rather than merely for discovery, and, therefore, it may be included in the costs of

Defendants as the prevailing party. *See Fogelman*, 920 F.2d at 285 ("If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."). Accordingly, the court **overrules** Plaintiff's objection to the $2,737.95 in Defendants' Bill of Costs associated with Dr. Doyle's deposition transcript.

B.     **Expert Fees**

Defendants seek $1,800 in their Bill of Costs for fees they paid Dr. Doyle for her appearance at her deposition. In support, Defendants have attached to their Bill of Costs a copy of the check made out to Dr. Doyle in the amount of $1,800. Doc. 248. Plaintiff objects to Defendants' attempt to recover these fees in their Bill of Costs, contending that expert witness fees are not recoverable costs except to the extent specified in 28 U.S.C. § 1821, which provides: "A witness shall be paid an attendance fee of $40 per day for each day's attendance."

Plaintiff is correct that expert fees ordinarily may not be taxed as costs at a court's discretion under Rule 54(d), as Section 1920 does not provide for them. *See Crawford Fitting*, 482 U.S. at 441; *Caddis v. United States*, 381 F.3d 444, 451-52 (5th Cir. 2004) (en banc) (holding that, under *Crawford Fitting*, only expenses listed in § 1920 are recoverable). Defendants, in response to Plaintiff's motion, clarify that they are seeking recovery of the $1,800 they paid Dr. Doyle pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), and not 28 U.S.C. § 1920.

Rule 26(b)(4)(E), in certain instances, provides an independent basis of recovery of expert fees as part of discovery. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995) (citing previous version of the rule related to expert fees, located at Fed. R. Civ. P.

26(b)(4)(c)). Rule 26(b)(4)(E) provides, in pertinent part, that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery. . . ." As stated by one authoritative treatise in discussing the rationale behind Rule 24(b)(4)(E)'s previous version, located at Federal Rule of Civil Procedure 26(b)(4)(C): "The basic proposition is relatively straightforward—a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) to prepare a more forceful cross-examination should pay the expert's charges for submitting to his examination." 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2034 (3d ed. 2017). Here, as Plaintiff correctly points out, Defendants are the parties that took the deposition of Plaintiff's expert. Rule 26(b)(4)(E) does not provide for fee-shifting under this circumstance. Rather, Rule 26(b)(4)(E) unambiguously requires Defendants to pay Dr. Doyle her reasonable fee, which Defendants did in this case. Further, Defendants have failed to marshal case law to support their argument that Rule 26(b)(4)(E) can be used to shift these costs to Plaintiff, relying instead on an unpublished 1993 decision from a federal district court in New York with distinguishable facts. Accordingly, the court **sustains** Plaintiff's objection to Defendants' inclusion in its Bill of Costs of the sum of $1,800 for fees they paid Dr. Doyle for her appearance at her deposition.

IV.     **Conclusion**

For the reasons herein stated, Plaintiff's Motion to Retax Costs (Doc. 251) is **denied in part** and **granted in part**. The court **overrules** Plaintiff's objection to the $2,737.95 in Defendant's Bill of Costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in this case" and **sustains** Plaintiff's objection to the $1,800 in Defendants' Bill of Costs for fees they

paid Dr. Doyle for her appearance at her deposition. The court **disallows** the $1,800 in costs sought by Defendants, and hereby **reduces** Defendants' recoverable costs from $4,537.95 to **$2,737.95**. Accordingly, the clerk of court shall tax $2,737.95 as costs against Plaintiff Woodberry.

**It is so ordered** this 20th day of April, 2017.

                                                   *[signature]*
                                                  Sam A. Lindsay
                                                  United States District Judge